IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| STEVEN HOWARD DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-02-115-S-BLW |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| RICHARD HAMMOND, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court is Plaintiff's Motion to Set Aside Settlement

Agreement (Docket No. 69).  Having considered the Motion, the Settlement

Agreement, and Defendants' Response to the Motion, the Court has determined

that the parties' Settlement Agreement will not be set aside.  Therefore, Plaintiff's

Motion will be denied.

## BACKGROUND

Plaintiff filed his Prisoner Civil Rights Complaint against several parole

officers, alleging they violated his constitutional rights while he was on probation

by:  (1) interfering with his visits to his attorney; (2) refusing to allow him to attend

religious services; (3) refusing to pay Plaintiff for concrete work he performed for a

probation officer; (4) refusing to allow him to prosecute lawsuits against third

**ORDER - 1**

parties; (5) threatening, intimidating, and harassing Plaintiff; (6) depriving him of the right to work; and (7) refusing to investigate alleged abuses by parole officers that occurred during his probation.

The parties attended a settlement conference held before Judge David O. Carter, and they entered into a Stipulation for Dismissal on February 17, 2005. Plaintiff agreed to dismiss his civil rights claims with prejudice in exchange for the following: (1) Defendants' promise to expunge a disciplinary offense report on Plaintiff's prison record; and (2) Olivia Craven's promise to recommend to the parole commission that Plaintiff receive a parole hearing in July of 2005.   Docket No. 64,  *Stipulation of the Parties, Davis v. Hammond, et al.*, p. 1-2.   The Stipulation specifically states that Plaintiff's parole request would be made "without consideration of the expunged DOR."  *Id.*

Plaintiff wrote to Judge Carter in March of 2005 to inform the Court that he had not yet received a parole hearing date and that the DOR remained part of his prison record.  The Court construed the letter as a Motion to Enforce the Settlement Agreement.  Docket No. 66.  Judge Carter requested that a Status Conference be scheduled in the case in August of 2005, and Defendants filed a Status Report that indicated they had complied with the parties' Stipulation.

**ORDER - 2**

Defendants informed the Court that a parole hearing was held on July 21, 2005, and one of the members of the parole board asked Plaintiff about the reason for his transfer from a work camp to IMSI, the maximum security facility. *Affidavit of Olivia Craven*, Docket No. 70-2, p. 2-3.  Olivia Craven claims she interrupted the parole board member and told him there was no record of a DOR in Plaintiff's file, relating to the transfer from the work camp to IMSI.  Ms. Craven claims that Plaintiff raised the issue of the expunged DOR, and not the parole commission member.  *Id*.  Ms. Craven also indicates that there were other factors that led to the denial of Plaintiff's parole request, such as the testimony of crime victims.  *Id*.  Plaintiff claims that Defendants retaliated against him for filing the civil rights lawsuit, and the reasons given for the parole denial were pretextual.

Based on the record before it, the Court is not convinced that Defendants' conduct amounts to a breach of the parties' settlement agreement.  Ms. Craven claims that she tried to circumvent any discussion of the expunged DOR at the parole commission hearing, but even if the DOR was discussed, it would be difficult to determine how this factor was weighed in the commission's decision to deny parole.  Plaintiff's general, unsupported allegation that he was retaliated against for filing his civil rights lawsuit is not a sufficient basis to set aside the parties' settlement agreement.

**ORDER - 3**

In the event Plaintiff obtains evidence that the results of his parole hearing were based on retaliation against him for filing the civil rights claim, he may file a separate civil rights claim based on the alleged retaliation.  A retaliation claim must allege the following: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  A "chilling effect on First Amendment rights" is enough to state an injury.  *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001).

Based on the foregoing, Plaintiff's Motion to Set Aside Settlement Agreement is denied.

**ORDER - 4**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to

Set Aside Settlement Agreement (Docket No. 69) is DENIED.

DATED:  **February 6, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER - 5**